UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

IVETTE MONACO

    Plaintiff,

v.

GERBER LIFE INSURANCE COMPANY,

    Defendant.

___:20-cv-_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Gerber Life Insurance Company ("Gerber Life") hereby gives notice of removal of this action from the Wake County Superior Court to the United States District Court for the Eastern District of North Carolina, Western Division. In support of this Notice of Removal, Gerber Life states as follows:

### Background

1. Ivette Monaco, the Plaintiff and putative class representative ("Monaco" or "Plaintiff"), holds life insurance policies with Gerber Life.

2. On June 25, 2020, Monaco filed a purported class action lawsuit against Gerber Life captioned *Ivette Monaco v. Gerber Life Insurance Company*, Case No. 20CVS06890, in the Superior Court for Wake County, North Carolina. A copy of the Complaint served on Gerber Life is attached as Exhibit A. A copy of the Summons served on Gerber Life is attached as Exhibit B. A copy of the Civil Action Cover Sheet filed in the Superior Court for Wake County is attached as Exhibit C.

3. Monaco filed this putative class action lawsuit against Gerber Life seeking monetary damages, restitution, and injunctive and declaratory relief. (Ex. A [Compl.], at p. 29 (Prayer for Relief.)) In her Complaint, Monaco claims violations of N.C. Gen. Stat. § 58-63-15 and N.C. Gen. Stat. § 75-1.1 *et seq.* (*Id.* at ¶¶ 99-113.)

4. Monaco's lawsuit is based on her allegation that two of the life insurance policies offered by Gerber Life—namely, the Gerber Life Grow-Up Plan and Gerber Life College Plan—are deceptively named and marketed. Monaco seeks to represent a class of all consumers in the state of North Carolina who purchased a Gerber Life College Plan or Gerber Life Grow-Up Plan. (*Id.* at ¶ 87.)

## **Grounds for Removal**

5. This case is properly removed because this Court has subject matter jurisdiction over the case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), *et seq*.

6. Gerber Life was served with the Summons and Complaint on June 26, 2020. (*See* Declaration of Luci A. Moore ("Moore Decl."), ¶ 3 (attached as Exhibit D).) Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), Gerber Life's Notice of Removal is timely because it is being filed within 30 days of the date on which Gerber Life was served.

7. Monaco purports to bring this action as a class action, on behalf of the following putative class:

> All North Carolina consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, purchased a Gerber [Life] College Plan or [Gerber Life] Grow-Up Plan.

(Ex. A [Compl.] at ¶ 87.)

8. This Court has original subject matter jurisdiction over this removed action pursuant to CAFA, 28 U.S.C. § 1332(d). The removed action is brought as a putative class action

and, thus meets the requirements under 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a). Further, the removed action meets the other jurisdictional requirements of Sections 1332(d) and 1453, as demonstrated below. In particular, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because (a) the putative class would include 100 or more members, (b) at least one member of the putative plaintiff class is a citizen of a state different from Gerber Life, and (c) the aggregate amount-in-controversy exceeds $5,000,000.

### Size of the Putative Class

9. The putative class significantly exceeds CAFA's requirement of 100 or more members. (*See* 28 U.S.C. § 1332(d)(5)(B).) Monaco alleges that this action is brought for the benefit of herself and "thousands" of Class members, and that the Class is so numerous that joinder is impracticable. (Ex. A [Compl.] at ¶ 91.)

10. Gerber Life has issued a variety of Gerber Life Grow-Up Plans and Gerber Life College Plans to North Carolina consumers. (Ex. D [Moore Decl.] at ¶ 4.)

11. Between June 2016 and June 1, 2020, thousands of North Carolinians have purchased and held a Gerber Life Grow-Up Plan and/or Gerber Life College Plan—far more than the minimum number of class members required under CAFA. (Ex. D [Moore Decl.] at ¶ 5.) Thus, far more than 100 life insurance policyholders meet Monaco's putative class definition. (*See id.*) CAFA's numerosity requirement is therefore satisfied.

### Diversity of Citizenship

12. For purposes of CAFA removal jurisdiction, there need only be minimal diversity of citizenship—that is, only one member of the putative plaintiff class needs to be a citizen of a state different from the Defendant. (*See* 28 U.S.C. § 1332(d)(2)(A).)

13. Gerber Life Insurance Company is a New York corporation that has its principal place of business in White Plains, New York. (Ex. D [Moore Decl.] at ¶ 6; *see also* Ex. A. [Compl.] at ¶ 7 (alleging that Gerber Life is a New York citizen, and "is incorporated and maintains its principal business offices in New York").)

14. The requirement of minimal diversity is satisfied because Gerber Life is incorporated under the laws of New York and, thus, is a citizen of New York, while Monaco is a citizen of North Carolina and the putative class is limited to citizens of North Carolina. (Ex. A. [Compl.] at ¶¶ 6-7, 87; Ex. D [Moore Decl.] at ¶ 6.) As such, members of the putative class are citizens of states different from Gerber Life, within the meaning of 28 U.S.C. § 1332(d)(2)(A).

### Amount-In-Controversy

15. Monaco does not specify the amount of damages she seeks on behalf of herself or the putative class as a whole. (Ex. A. [Compl.] at p. 29, Prayer for Relief.) When a plaintiff seeks to recover an unspecified amount that is not self-evidently greater or less than the amount-in-controversy requirement, the defendant seeking removal must demonstrate that the matter in controversy more likely than not exceeds the jurisdictional amount. (*E.P. v. Hardee's Food Sys. LLC,* No. 3:18-cv-00483-FDW-DCK, 2018 U.S. Dist. LEXIS 186427, at *4 (W.D.N.C. Oct. 31, 2018) ("[T]he court decides whether the amount in controversy requirement has been met by a preponderance of the evidence standard"); *see also Bartnikowski v. NVR, Inc.*, No. 1:07CV00768, 2008 U.S. Dist. LEXIS 48162, at *10 (M.D.N.C. June 19, 2008) ("A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.").)

4

16. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." (28 U.S.C. § 1332(d)(6).)

17. Although Monaco does not specify the amount of class-wide damages she seeks on her claims, Gerber Life submits that the claims asserted by Monaco, the scope of the class defined by Monaco, and the period for which Monaco seeks damages demonstrate by a preponderance of the evidence that the aggregate "matter in controversy" exceeds the "sum or value of $5,000,000." (28 U.S.C. §§ 1332(d)(2), 1332(d)(6); (*See also* (Ex. D [Moore Decl.] at ¶¶ 7, 8).)

18. As noted above, Monaco alleges that the class includes "thousands" of Class members (Ex. A. [Compl.] at ¶ 91), and that the lawsuit seeks damages that include a disgorgement of ***all*** policy premiums paid by North Carolina consumers for any Gerber Life Grow-Up Plan or Gerber Life College Plan, restitution of those and any other amounts paid, treble damages, attorneys' fees, and additional, unspecified "compensatory damages" incurred as a result of Gerber Life's alleged actions. (*Id*. at p. 29, Prayer for Relief, ¶¶ (4)-(7); *see also id*. at ¶ 2.) Monaco also seeks declaratory and injunctive relief, punitive damages and attorney fees. (*Id*. at ¶¶ (1)-(3), (5)-(6).)

19. Monaco further alleges that the class consists of "[a]ll North Carolina consumers who, *within the applicable statute of limitations* preceding the filing of this action to the date of class certification, purchased a Gerber [Life] College Plan or [Gerber Life] Grow-Up Plan." (Ex. A [Compl.] at ¶ 87 (emphasis added).)

20. The statute of limitations for Monaco's first claim—for violation of N.C. Gen. Stat. § 75-1.1 *et seq.*—is four years under North Carolina law. (*See* Ex. A [Compl.] at ¶ 100; *see also* N.C. Gen. Stat. § 75-16.2 ("Any civil action brought under [Chapter 75] to enforce the provisions

5

thereof shall be barred unless commenced within four years after the cause of action accrues."); *Ussery v. Branch Banking & Tr. Co.*, 368 N.C. 325, 333 n.5, 777 S.E.2d 272, 277 (2015) (an "unfair and deceptive trade practices claim is subject to a four-year statute of limitations") (citing N.C. Gen. Stat. § 75-16.2)); *Long Bros. of Summerfield, Inc. v. Hilco Transp., Inc.*, 835 S.E.2d 864, 872 (N.C. Ct. App. 2019) ("UDTP claim must be brought within four years from when the action accrues")). The statute of limitations for Monaco's second claim— violation of N.C. Gen. Stat. § 58-63-15—is also likely to be four years (*i.e.*, back to June 2016) pursuant to N.C. Gen. Stat. § 75-16.2. (*See* Ex. A [Compl.] at ¶ 108; *see also Amatulli & Sons, LLC v. Great N. Ins. Co.*, No. 3:06cv286, 2008 U.S. Dist. LEXIS 1589, at *44-45 (W.D.N.C. Jan. 8, 2008) (finding a claim under § 58-63-15 is a claim brought pursuant to the UDTPA); *Buchanan v. N.C. Farm Bureau Mut. Ins. Co.*, 841 S.E.2d 598, 604 (N.C. Ct. App. 2020) ("A violation of N.C. Gen. Stat. § 58-63-15 constitutes a violation of N.C. Gen. Stat. § 75-1.1.").

21. Monaco seeks damages that include a disgorgement of all policy premiums paid by North Carolina consumers for any Gerber Life Grow-Up Plan or Gerber Life College Plan. The premiums paid by North Carolina-resident policyholders on Gerber Life Grow-Up Plan and Gerber Life College Plan policies in the last four years exceed $8,000,000. (Ex. D [Moore Decl.] at ¶ 7.)

22. In addition to this amount, Monaco also seeks treble damages under N.C. Gen. Stat. § 75-16. (Ex. A. [Compl.], Prayer for Relief, at ¶ (5).) "In analyzing the amount in controversy for cases removed under CAFA, treble damages, when demanded, must be included in the analysis." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *5 (W.D.N.C. Feb. 9, 2012). Accounting for the treble damages that Monaco seeks, the amount in controversy would exceed $24,000,000.

23. If declaratory and injunctive relief, as well as attorneys' fees, are also taken into account, it becomes even clearer that the amount in controversy is easily exceeded. (*See Aerial Images, Inc. v. Anderson*, No. 5:99-CV-320-BO(3), 2000 U.S. Dist. LEXIS 3777, at *5 (E.D.N.C. Feb. 21, 2000), fn. 4 ("In actions involving injunctive or declaratory relief, the amount in controversy is measured by the value of the object of the litigation. Generally, the value is measured by pecuniary consequences to those involved in the litigation.") (internal quotations omitted). As part of the injunctive relief sought, Monaco seeks to prevent Gerber Life from using the policy titles of "Gerber Life College Plan" and "Gerber Life Grow-Up Plan," as well as to prevent Gerber Life from using its current advertising and marketing. (Ex. A [Compl.], at ¶¶ 83, 84, Prayer for Relief at ¶ (2).) In order to comply with such an injunction, Gerber Life presumably would be required to rename its policies, revise its marketing and reissue policies with the new name, the cost of which would be at least hundreds of thousands of dollars. (*See* Ex. D [Moore Decl.] at ¶ 8.)

24. The total costs to Gerber Life—to implement these changes, and to repay all premiums on the Gerber Life Grow-Up Plan and Gerber Life College Plan that were paid by North Carolina policyholders in the last four years—would far exceed $5,000,000. (*See* Ex. D [Moore Decl.] at ¶¶ 7, 8.)

25. Accordingly, the amount in controversy exceeds the $5,000,000 threshold established by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).

## Venue

26. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 40.1 because the Wake County Superior Court from which the removal is sought is within the Western Division of the Eastern District of North Carolina.

## Notice

27. Gerber Life represents that this Notice of Removal will be served on Plaintiff's counsel, and that a copy will be filed with the Clerk of the Wake County Superior Court. (28 U.S.C. § 1446(d).)

28. By filing this Notice of Removal, Gerber Life does not waive any defenses to the claims asserted by Monaco that may be available to it, or concede that Monaco has pleaded any claim upon which relief can be granted. Further, Gerber Life does not concede that Monaco has adequately defined a class for certification purposes, that any members of such an alleged class are entitled to any relief, that any damages are properly awardable to any plaintiff or would in the aggregate exceed $5,000,000, or that the Complaint states a cause of action. Gerber Life disputes Monaco's individual and putative class claims, denies that it has acted improperly in its relations with consumers or failed to abide by applicable law and contends only that the nature and extent of Monaco's putative class claims demonstrate that this Court has jurisdiction under CAFA, 28 U.S.C. § 1332(d), and that removal is proper under 28 U.S.C. § 1453.

**WHEREFORE**, Gerber Life gives notice that the above-described action in the Wake County Superior Court is removed to this Court.

Dated: July 24, 2020					Respectfully submitted,

					*/s/ Victor A. Walton, Jr.*
					Victor A. Walton, Jr. (NC Bar No. 53942)
					Eric W. Richardson (*pro hac vice* forthcoming)
					Joseph M. Brunner (*pro hac vice* forthcoming)
					Vorys, Sater, Seymour and Pease LLP
					Suite 3500, Great American Tower
					301 East Fourth Street
					Cincinnati, Ohio 45202
					Telephone: (513) 723-4000
					Facsimile: (513) 852-7885
					Email: vawalton@vorys.com
						ewrichardson@vorys.com
						jmbrunner@vorys.com

					*and*

					Mark A. Jones (NC Bar No. 36215)
					Bell Davis Pitt
					100 N. Cherry Street
					Suite 600
					Winston-Salem, NC 27101
					336.714.4122
					mjones@belldavispitt.com

					*Attorneys for Defendant*
					*Gerber Life Insurance Company*

9
Case 5:20-cv-00406-BO    Document 1    Filed 07/24/20    Page 9 of 10

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 24th day of July 2020, a copy of the foregoing was served via U.S. Postal Service and electronic mail upon the following:

Aaron C. Hemmings
Hemmings & Stevens PLLC
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
ahemmings@hemmingsandstevens.com

Kenneth J. Grunfeld
Golomb & Honik
1835 Market Street, Suite 2900
Philadelphia, PA 19103
kgrunfeld@golombhonik.com

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gerards@bsjfirm.com

Jeffrey D. Kaliel
Kaliel PLLC
1875 Connecticut Avenue, NW, 10th Floor
Washington, D.C. 20009
jkaliel@kalielpllc.com

Lynn A. Toops
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com

*Attorneys for Plaintiff and the Putative Class*

                              */s/ Victor A. Walton, Jr.*
                              Victor A. Walton, Jr.